NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

The COCA-COLA BOTTLING CO. OF SAN MATEO, Respondent.

No. 71-2421.

United States Court of Appeals, Ninth Circuit.

Dec. 11, 1972.

Michael E. Abrams, Atty. (argued), Elliot Moore, Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter G. Nash, Gen. Counsel, Washington, D. C., Roy O. Hoffman, Director, Region 20, NLRB, San Francisco, Cal., for petitioner.

William A. Quinlan (argued), Paul K. Doty, of Doty, Quinlan, Kershaw & Fanucchi, Fresno, Cal., Edward M. Kovach, of Brundage, Neyhart, Grodin & Beeson, San Francisco, Cal., for respondent.

Before CHOY and WALLACE, Circuit Judges, and McGOVERN,* District Judge.

PER CURIAM:

The National Labor Relations Board (NLRB) has petitioned this court for enforcement of its order issued against The Coca-Cola Bottling Co. of San Mateo (Company) on February 19, 1971, and reported at 188 NLRB No. 91. The NLRB concluded that the Company violated §§ 8(a)(1) and 8(a)(5) of the National Labor Relations Act (29 U.S.C. § 151 et seq.) and ordered the Company to cease and desist from unfair practices and to bargain, upon request, with the Union (Music, Amusement & Vending Machine Operators Division, Local No. 856, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America). We affirm the findings of the NLRB and enforce the orders, with directions.

There is substantial evidence to support the findings of the NLRB. 29 U.S.C. § 160(e); Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). We cannot say that there was not substantial evidence to support a bargaining order pursuant to NLRB v. Gissel Packing Co., 395 U.S. 575, 613–15, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). The critical question is whether it should be enforced at this late date under the unique circumstances of this case.

The appropriate bargaining unit is made up of four office workers. Although not in the record, counsel for the Company advises us that, under circumstances unrelated to any improper practice by the Company, only one of the four remains and she was originally opposed to unionization. However, passage of time for the orderly adjudication of labor disputes cannot be used as a basis for denying an enforcement order. NLRB v. Tri-State Stores, Inc., (9th Cir. Sept. 29, 1972); NLRB v. South Bay Daily Breeze, 415 F.2d 360, 367 (9th Cir. 1969), cert. denied, 397 U.S. 915, 90 S.Ct. 919, 25 L.Ed.2d 96 (1970). The relevant period for determining the appropriateness of the bargaining order is as of when it was before the NLRB. J. P. Stevens & Co., v. NLRB, 441 F.2d 514, 525 n. 16 (5th Cir.), cert. denied, 404 U.S. 830, 92 S.Ct. 69, 30 L.Ed.2d 59 (1971). That there is a rapid turnover of employees does not militate against the appropriateness of the bargaining order. NLRB v. L. B. Foster Co., 418 F.2d 1, 5 (9th Cir. 1969), cert. denied, 397 U.S. 990, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970).

This does not mean that the NLRB cannot or should not reexamine the present circumstances to see whether a fair election could now be held under the protection of the NLRB. Id. at 6 (Ely, J., concurring). 29 U.S.C. § 160

---

* Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

(e) allows the NLRB to modify its findings by reason of additional evidence adduced by leave of this court. In the instant case, leave was not sought. Nevertheless, it is alleged that subsequent to the NLRB decision, there was a substantial change in this minuscule bargaining unit, which was not brought about by any impropriety on the part of the Company. Under the unique facts presented in this case and in the interests of forwarding the policy of the National Labor Relations Act, new evidence on this particular issue may be presented to the NLRB. 29 U.S.C. § 160 (e). We will allow, but do not order, the NLRB to reconsider its findings in the light thereof. Obviously, a bargaining order based upon authorization cards must be considered less desirable than the free-will expression of employees in a fair election whenever the latter can be accomplished.