**LEVITZ FURNITURE COMPANY OF SANTA CLARA, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 78–1587.

United States Court of Appeals, Ninth Circuit.

Dec. 11, 1978.

Wesley J. Fastiff, San Francisco, Cal., for petitioner.

Corinna Lothar Metcalf, Atty., N.L.R.B., Washington, D. C., for respondent.

Before DUNIWAY and KILKENNY, Circuit Judges, and BELLONI,* District Judge.

* The Honorable Robert C. Belloni, United States District Judge for the District of Oregon, sitting by designation.

PER CURIAM:

Levitz Furniture Company petitions for review of an order of the National Labor Relations Board. The Board asks us to enforce its order. The Board's Supplemental Order is reported at 234 NLRB No. 177 (1978). It was entered following a remand by this court, on February 7, 1976. The Board's original order, dealing with Levitz's objections to a representation election, is reported *sub nom. Retail Store Employees' Union Local 424,* 204 NLRB 1046, 1053 (1973). We find no merit in Levitz's attacks upon the Board's order.

The Union's waiver of initiation fees was sent to all employees, whether union supporters or not, was good until thirty days after a contract would be made between Levitz and the Union, and was in no way conditional upon support of or a vote for the Union. It thus was not improper under *NLRB v. Savair Mfg. Co.,* 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). *NLRB v. L. D. McFarland Co.,* 572 F.2d 256, 258–9 (9th Cir., 1978); *NLRB v. Aaron Bros. Corp.,* 563 F.2d 409, 412–3 (9th Cir., 1977). In these respects, it differs from *NLRB v. Aladdin Hotel Corp.,* 584 F.2d 891 (9th Cir., 1978).

This is not a case, like *NLRB v. Gorbea, Perez & Morrell, S. en C.,* 328 F.2d 679 (1st Cir., 1964), in which the union's offer was held to be illusory because the union never charged anyone an initiation fee. Here, the union does charge such a fee to all who do not fall within the terms of its offer.

We find no merit in Levitz's claim that, by reason of delay, a bargaining order would deprive it of due process of law. *NLRB v. Gissell Packing Co.,* 395 U.S. 575, 610–11, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969); *NLRB v. Katz,* 369 U.S. 736, 748, n.16, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962); *NLRB v. Pacific Southwest Airlines,* 550 F.2d 1148, 1153 (9th Cir., 1977); *NLRB v. Coca-Cola Bottling Co. of San Mateo,* 472 F.2d 140, 141 (9th Cir., 1972). We will not, by denying

984

enforcement, "put a premium upon continued litigation by the employer," *NLRB v. L. B. Foster Co.*, 418 F.2d 1, 4 (9th Cir., 1969), and cases there cited.

The order of the Board will be enforced.