## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## The WACKENHUT CORPORATION, Respondent.

### No. 72–1307.

United States Court of Appeals, Sixth Circuit.

Nov. 24, 1972.

Russell H. Gardner, Washington, D. C., for petitioner; Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Linda Sher, Edward N. Bomsey, Attys., N. L. R. B., Washington, D. C., on brief.

William Jackson Jones, The Wackenhut Corp., Coral Gables, Fla., for respondent.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is a petition by the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), for the enforcement of its order against the Respondent, The Wackenhut Corporation, to bargain with the Board-certified Union on request. The Board found that Respondent had engaged in and was engaging in unfair labor practices in violation of Section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), by refusing to bargain collectively with the International Union, United Plant Guard Workers of America and its affiliated Local No. 110, which had been certified by the Board as the exclusive bargaining representative of Respondent's employees.

In the first representation election, none of the three choices on the ballot —two unions and the choice of no union —received a majority of the votes cast. A runoff election was then held between the two choices receiving the highest number of votes. In that election, the union received 22 votes and 21 votes

were cast for no representation, while three additional votes were challenged.

Respondent filed objections to the conduct of the runoff election. The Regional Director, in a Supplemental Decision, overruled the objections and directed that a hearing be held to resolve the question of the challenged ballots. The Board denied Respondent's request for a review of the Regional Director's Supplemental Decision. A hearing was held concerning the challenged ballots and, pursuant to an agreement between the parties and following approval of the Regional Director, the challenged ballots were counted, resulting in a final tally of 24 votes for the Union and 22 votes against it. The Union was then certified by the Regional Director as the exclusive bargaining representative for the employees.

The Acting General Counsel of the National Labor Relations Board issued a complaint against Respondent for refusing to bargain collectively with the Union. The Board granted the motion for summary judgment filed by the Acting General Counsel.

The parties agree that the standard to be applied in this case is whether the Board abused its discretion in granting summary judgment and in denying Respondent's request for review of the Regional Director's Supplemental Decision. Respondent admits that an election was conducted by the Board in an appropriate unit of the Respondent's employees; that the Union requested Respondent to bargain collectively with it as the exclusive collective bargaining representative of the employees; and that Respondent has refused and refuses now to bargain collectively with the Union. It is contended by Respondent that the certification of the Union by the Board was not proper and that notwithstanding the certification, there now exist special circumstances which make it inappropriate to make a finding that Respondent is guilty of an unfair labor practice.

As we have just noted, Respondent admits its refusal to bargain with the Union, justifying its refusal in the improper election proceedings and the special circumstances. Thus, if the certification of the Union was appropriate, without question there is substantial evidence to support a violation of Section 8(a)(5).

■ In viewing the election proceedings of the Board, it is to be remembered that "Congress has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees." National Labor Relations Board v. A. J. Tower Co., 329 U.S. 324, 330, 67 S.Ct. 324, 328, 91 L.Ed. 322 (1946). We find no abuse of discretion by the Board in its procedure in conducting the mail ballot nor in fixing the eligibility date for voting in the runoff election. In fixing the same eligibility date for both the original and the runoff elections, the Board was following its long-established rule, found to be reasonable in Cone Bros. Contracting Co. v. N.L.R.B., 235 F.2d 37 (5th Cir. 1956), cert. denied, 352 U.S. 916, 77 S. Ct. 214, 1 L.Ed.2d 122 (1956). Regarding the Board's refusal to count a ballot received after the deadline and its failure to poll all of the employees to determine whether they had in fact received a ballot, we find that the Board's procedure was a proper exercise of its discretion. It is appropriate to note the language used in N.L.R.B. v. A. J. Tower Co., *supra*, "It is true that it is an unfair labor practice for an employer to refuse to bargain with a union only if that union was chosen by a majority of the voting employees. But the determination of whether a majority in fact voted for the union must be made in accordance with such formal rules of procedure as the Board may find necessary to adopt in the sound exercise of its discretion." 329 U.S. 324, 333, 67 S.Ct. 324, 329, 91 L.Ed. 322 (1946).

■ Respondent's contention that a substantial employee turnover occurring since the election relieves it of its duty to bargain with the Union is directly contra to the holding in Brooks v. N.L.

R.B., 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125 (1954), and therefore is without merit.

We conclude that the Board has acted within its discretion and its petition for enforcement of its order is granted.