ALSON MFG. AEROSPACE DIV. OF ALSON INDUSTRIES, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 74–2625.

United States Court of Appeals, Ninth Circuit.

Sept. 15, 1975.

Thomas P. Burke (argued), Los Angeles, Cal., for petitioner.

Frank Morris, Atty. (argued), NLRB, Region 21, Los Angeles, Cal., for respondent.

## OPINION

Before CHAMBERS and GOODWIN, Circuit Judges, and TAYLOR,* District Judge.

### PER CURIAM:

This matter is before this Court on the petition of Alson Manufacturing Aerospace Division of Alson Industries, Inc. (Alson) for review of decisions of the National Labor Relations Board (N.L.R.B. or Board) denying a new election, refusing to order a hearing and denying Alson's motions for reconsideration, and on the cross-petition of N.L.R.B. for enforcement of its unfair labor practice order issued against Alson.

The International Union, United Automobile Aerospace and Agricultural Implement Workers of America (U.A.W.), Local 509 (Union) filed a petition with Region 21 of the N.L.R.B. for a representation election in a collective bargaining unit consisting of all production and maintenance employees of Alson's factory in Gardena, California. Pursuant to the stipulation of Alson and the Union, the election was held on June 28, 1973. A majority of the votes cast were in favor of the Union.

Alson timely filed its objections to conduct affecting the result of the election. As requested by a regional director of N.L.R.B., for evidence in support of the objections, counsel for Alson forwarded five affidavits of Alson employees in support of the objections and furnished the names of three additional employees as witnesses to the events mentioned in the affidavits. Without holding any evidentiary hearing, the regional director recommended that each and all of the objections be overruled by the N.L.R.B.

Alson filed exceptions to the director's report and a brief in support thereof. In its exceptions, Alson requested the N.L.R.B. to review and set aside the election or, alternatively, to order a hearing to resolve the factual issues raised in its objections. The N.L.R.B. summarily rejected the request. Alson then refused to bargain with Local 509 of the Union

and Local 509 filed an unfair labor practice charge against Alson. Region 21 issued a complaint and notice of hearing. Alson answered and affirmatively raised its earlier objections and exceptions.

The unfair labor practice proceedings were transferred to the N.L.R.B. On a motion for summary judgment, made by the Board's counsel and resisted by Alson, the N.L.R.B. held that Alson was attempting "to relitigate issues, including the requirement of a hearing, that have been litigated in the underlying representation case" and granted the motion.

Prior to learning of the decision on the motion for summary judgment, Alson moved to reopen the representation election proceedings on the ground that the N.L.R.B. failed to comply with the statutory quorum requirements in § 3(b) of the National Labor Relations Act, 29 U.S.C. § 153(b). Subsequent to learning of the decision on the motion for summary judgment, Alson's counsel resubmitted the motion in the form of one for reconsideration. Both motions were denied. Alson then petitioned this Court for review of the Board's decisions and the Board cross-petitioned for enforcement of its order.

The unfair labor charges must be determined on the question of whether Alson's objections to the election were valid. After fully considering the respective petitions of the parties and the record, we are of the opinion that Alson is entitled to an evidentiary hearing on the objections made and filed in regard to the representation election and that the petition of the N.L.R.B. for enforcement of its order should be denied.

The Board contends that in overruling Alson's objections to the election, it acted within the broad discretion vested in it by Congress in matters relating to representation proceedings.

We recognize that the Board does have discretion in such matters, but the question here is whether the Board, in the circumstances presented in this record, abused that discretion. It ap-

* Of the District of Idaho, sitting by designation.

pears to be the position of the Board that the allegations made in the objections and in the affidavits filed in support thereof, if fully credited, could not have materially affected the election outcome. We disagree.

Alson's objections raised issues of fact as to whether the Union falsely and maliciously accused Alson of dishonesty in dealing with its employees and misrepresented the Union's remedies in regard thereto; whether the Union made or condoned widespread threats of violence against Alson's employees; whether the Union misrepresented Alson's profits; whether the Union electioneered at or near the polls during the election; and whether the Union falsely denied the existence of a collective bargaining contract between it and another employer.

It is true that in order to obtain a hearing in a post-election representation proceeding, the objecting party must supply prima facie evidence, presenting "substantial and material factual issues" which would warrant setting aside the election. 29 C.F.R. § 102.69(c). It is also correct that a hearing is unnecessary where if all the facts contended for by the objecting party were credited, no ground is shown which would warrant setting aside the election. *N.L.R.B. v. Smith Industries, Inc.,* 403 F.2d 889, 892 (5th Cir. 1968); *N.L.R.B. v. Harrah's Club,* 403 F.2d 865, 869 (9th Cir. 1968). It is our view of the record that if the facts contended for by Alson are found to be true, the election should be set aside. Obviously the truth of the facts is not clear and the Board erred in acting summarily without a hearing. This Court in *Consolidated Electric Co. v. United States,* 355 F.2d 437, 438–39 (1966) stated:

"When an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment. [citation omitted] It is im-

portant, and ordinarily essential, that the trier of fact be afforded the opportunity to observe the demeanor, during direct and cross-examination, of a witness whose subjective motive is at issue."

The statutory and administrative policy in favor of expeditiously processing objections to representation elections in order to facilitate collective bargaining cannot operate to deprive the employer of a hearing in circumstances where it is entitled thereto. See *N.L.R.B. v. Smith Industries, Inc.,* supra. In *N.L.R.B. v. G. K. Turner Associates,* 457 F.2d 484, 487 (9 Cir., 1972), this Court stated:

"Since the Board refused to hold an evidentiary hearing at which credibility issues and factual conflicts could be resolved, however, we are bound on this record to accept as true all of the company's versions of the conversations."

It is apparently the attitude of the Board that Alson had the burden of proving facts sufficient to require a new election in order to obtain a hearing, while the test is that Alson's burden was to present evidence sufficient to make a prima facie showing as to the alleged facts which, if true, would require a new election. It is obvious and the record shows that Alson could not obtain all the evidence required for a new election by way of affidavits. Alson was entitled to an evidentiary hearing on the issues presented in order to determine whether a new election should be held.

The present record does not justify an order of this Court for a new election. In view of our holding, it is not necessary to consider the claim of Alson that the Board acted without a quorum.

Enforcement of the Board's order is denied. The case is remanded for a full evidentiary hearing as to the validity of Alson's objections and for certification.