NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SNOKIST GROWERS, INC., Respondent.

No. 74–3210.

United States Court of Appeals, Ninth Circuit.

March 15, 1976.

Thomas Woodley, Atty., N.L.R.B. (argued), Washington, D.C., for petitioner.

Wesley M. Wilson (argued), Yakima, Wash., Mary Ellen Krug (argued), Schweppe, Doolittle, Krug, Tausend, Beezer & Reierle, Seattle, Wash., for respondent.

## OPINION

Before WRIGHT and GOODWIN, Circuit Judges, and McGOVERN,\* District Judge.

PER CURIAM:

The NLRB seeks enforcement of its bargaining order against Snokist. Snokist urges that enforcement be denied because of alleged irregularities in the pre-election communications from the union to the relevant employees.

The representation election was closely contested throughout the pre-election period. Numerous mailings went out from the union. Snokist plied the workers with its own propaganda. The Acting Regional Director of the NLRB found that a misstatement concerning pension coverage had been made by the union, but held (a) that it was unintentional, (b) that it was not a substantial departure from the truth, and (c) that Snokist had an opportunity to make an effective reply. He held the misrepresentation insufficient to justify the calling of another election. The Board subsequently adopted the director's recommendations and certified the union in an unpublished decision. Snokist then refused to bargain, citing the claims already raised in the certification proceeding. On the union's complaint of unfair labor practices, the administrative law judge denied reconsideration of the misrepresentation claim and the Board affirmed. 87 LRRM 1667.

Ordinarily we defer to the expertise of the Board which has been charged by Congress with the administration of the National Labor Relations Act.[1] But in this case, we believe the Board should have called another election. The vote in favor of the union was 314 to 310. A shift of three votes would have changed the result. The record shows that the most controversial issue in the propaganda battle preceding the election was the extent of pension coverage that seasonal workers could expect under union conditions. Whether or not the misinformation was intentional, it was in fact published by the union. Because of the unusual situation of seasonal workers with reference to pension plans, and because of the unusual interest in the information about pension plans, we do not share the Board's confidence that the misinformation was not material. The election was much too close to reinforce any confidence in the assertion that incorrect information could not have affected the outcome. The employer was not the cause of the difficulty; delay in the union's own publication system was the cause. Accordingly, a new election with all relevant facts on the table is preferable to the reopening and rehashing of all the disputed points before the Board.

Enforcement is denied and certification is set aside.

---

\* The Honorable Walter T. McGovern, Chief Judge, United States District Court for the Western District of Washington, sitting by designation.

1. For discussion of the process by which the Board identifies and regulates campaign misrepresentations, see the following articles by J. Getman and S. Goldberg: *NLRB Regulation of Campaign Tactics: The Behavioral Assumptions on Which the Board Regulates*, 27 Stan.L. Rev. 1465 (1975), and *The Behavioral Assumptions Underlying NLRB Regulation of Campaign Misrepresentations: An Empirical Evaluation*, 28 Stan.L.Rev. 263 (1976).