**HEAVENLY VALLEY SKI AREA, a California Corporation, and Heavenly Valley, a partnership, Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 75–1534 and 75–1769.**

United States Court of Appeals, Ninth Circuit.

Jan. 19, 1977.

As Amended on Denial of Rehearing and Rehearing En Banc March 3, 1977.

James H. Quirk (argued), Brobeck, Phleger & Harrison, San Francisco, Cal., for petitioner.

Elliot Moore, Acting Asst. Gen. Counsel, N.L.R.B., Margery Lieber, Atty., N.L.R.B., Washington, D.C. (argued), for respondent.

Michael B. Roger, Levy, Van Borg & Hackler, San Francisco, Cal., for intervenor Labor Union 1276.

## MEMORANDUM

Before HUFSTEDLER and SNEED, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Heavenly Valley Ski Area, a California corporation, and Heavenly Valley, a partnership, have petitioned this court pursuant

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

to section 10(f) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(f) (1970), for review of a decision and order by the National Labor Relations Board requiring collective bargaining. The decision and order are reported at 215 N.L.R.B. No. 129 (1974). The Board, pursuant to section 10(e) of the Act, 29 U.S.C. § 160(e) (1970), has cross-petitioned for enforcement. Consolidated with the above petition is a Board application for enforcement of an order, 215 N.L.R.B. No. 63 (1974), requiring the employer to cease and desist from physically assaulting union agents or representatives, or threatening to do so, in the presence of employees. We enforce these orders.

Heavenly Valley Ski Area and Heavenly Valley together operate a ski resort and related enterprises at South Lake Tahoe. For the purpose of these proceedings they constitute a single integrated enterprise and will be referred to as Heavenly Valley. The ski resort operates for approximately seven months of the year. The size of Heavenly Valley's labor force varies throughout the season. During the 1974 winter season a unionization drive was held among Heavenly Valley employees, culminating in a supervised election held pursuant to section 9(c) of the Act, 29 U.S.C. § 159(c) (1970). The vote was 72–68 in favor of the union.

I

*The Refusal to Bargain*

After the election Heavenly Valley timely filed several objections to the election and conduct affecting the results thereof. The Regional Director overruled these objections without a hearing and certified the union as the exclusive bargaining agent. Heavenly Valley then petitioned the Board to review the Regional Director's decision. This petition was summarily denied.

In order to obtain judicial review of the denial of its objections without a hearing, Heavenly Valley has refused to bargain with the certified union. Because of this refusal, the Board has found Heavenly Valley to be in violation of sections 8(a)(5) and 8(a)(1) of the Act, 29 U.S.C. § 158(a)(5) and

(1) (1970), and has ordered it to bargain collectively.

The relief to be granted rests upon the validity of the union's certification. Heavenly Valley was not required to bargain if the Board abused its discretion in certifying the union without holding a hearing on the objections to the election. *Alson Mfg. Aerospace Div. of Alson Industries, Inc. v. NLRB,* 523 F.2d 470, 471 (9th Cir. 1975); *NLRB v. Newton-New Haven Co.,* 506 F.2d 1035, 1036 (2nd Cir. 1974).

However, a hearing is not required after every challenged election. A hearing is required only when the objecting party has discharged his burden of demonstrating a need therefor. This requires that the objecting party supply prima facie evidence raising substantial and material factual issues which, if resolved in his favor, would warrant setting aside the election. *NLRB v. Decote Aircraft, Inc.,* 512 F.2d 758, 761 (9th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975); *Alson Mfg. Aerospace Div. of Alson Industries, Inc. v. NLRB, supra,* at 472.

Heavenly Valley has raised several objections to conduct which it believes could have affected the election results, and has produced evidence in support thereof. After examining the briefs and the record, we believe only one of these objections raises unresolved issues of fact which might require an evidentiary hearing.

This objection asserts that material misrepresentations disseminated by the union impaired the election process. In the absence of an evidentiary hearing we accept as true Heavenly Valley's version of these statements. *NLRB v. G. K. Turner Associates,* 457 F.2d 484, 487 (9th Cir. 1972).

Throughout the organizational campaign the union continually misstated the employee's right to overtime wages and the possibility that a promised end-of-the-season bonus would not be paid. Heavenly Valley attempted to refute these statements. It told the employees that, because of the seasonal nature of its business, it was exempt from being required to pay a premium for overtime. Additionally, Heavenly Val-

ley reassured its employees that the end-of-the-season bonus would be paid.

■ Campaigns to obtain union recognition are seldom free of inaccuracies. Tight censorship of campaign statements is neither practical nor desirable. Only misrepresentations which inhibit the employees' free choice in selecting their bargaining representative will vitiate an election. *Gallenkamp Stores Co. v. NLRB*, 402 F.2d 525 (9th Cir. 1968).

■ More specifically, we set aside an election "only where one party has misrepresented material facts, the other had no opportunity to reply, and the resulting distorted presentation significantly impaired the election process." *NLRB v. G. K. Turner Associates, supra.* See also *NLRB v. Winchell Processing Corp.*, 451 F.2d 306 (9th Cir. 1971). To aid in judging the impact of a misstatement we have considered "(a) whether the employees had independent knowledge of the misrepresented fact so they could effectively evaluate the propaganda, and (b) whether the party making the statement had a special knowledge of the facts which made its words sound authoritative." *NLRB v. G. K. Turner Associates, supra,* at 487. Also, see *NLRB v. Winchell Processing Corp., supra,* at 309.

■ The union's misrepresentations, relating to overtime pay and the end-of-the-season bonus, could have inhibited the employees' free choice and thus impaired the election process. The allegations with respect to these misrepresentations raise substantial and material factual issues which could warrant setting aside the election. *Gallenkamp Stores Co. v. NLRB, supra.* This conclusion would be beyond challenge were it not for the fact that Heavenly Valley did have some opportunity to reply to the misrepresentations. Both the Regional Director and the Board found that the opportunity precluded an impairment of the election process.

An opportunity to reply does not always leave the employees' choice unfettered. See *NLRB v. Cactus Drilling*, 455 F.2d 871, 875 (5th Cir. 1972); *NLRB v. Snokist Growers, Inc.*, 532 F.2d 1239 (9th Cir. 1976). Evidence directed to the question whether Heavenly Valley's opportunity to reply was adequate to overcome the union's misrepresentations was conflicting. If we had been members of the Board, we would have resolved the conflict in favor of holding a hearing on the objections to the election. However, sitting as a reviewing court, we decline to substitute our judgment for the Board's in making this close call.

■ Heavenly Valley has raised several other issues pertaining to the conduct of the election on which it believes it deserves an evidentiary hearing. We have examined these contentions and find them without merit.[1]

## II

■ The Board has petitioned for enforcement of its decision and order, 215 N.L.R.B. No. 63 (1974), finding Heavenly Valley in violation of section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1) (1970). On De-

---

1. Heavenly Valley asserts that there was an improper waiver of initiation fees by the union. The Board did not abuse its discretion in declining to hold a hearing with respect to this objection. The waiver appears to us to be governed by *NLRB v. Savair Corporation*, 414 U.S. 270, 274 n. 4, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973).

Because of the seasonal nature of its business, Heavenly Valley contends that the Board erred in setting the eligibility date to be the end of the payroll period immediately preceding the Decision and Direction of Election (January 15, 1974) as opposed to the end of the payroll period immediately preceding the Notice of Election (February 1, 1974). Congress has entrusted the Board with wide discretion in establishing the procedures to insure a fair election. *NLRB v. A. J. Tower Co.*, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946). The Board's discretion extends to fixing the eligibility dates for voting in elections. *Cone Brothers Contracting Co. v. NLRB*, 235 F.2d 37 (5th Cir.), *cert. denied*, 352 U.S. 916, 77 S.Ct. 214, 1 L.Ed.2d 122 (1956); *NLRB v. Wackenhut Corp.*, 471 F.2d 761 (6th Cir. 1972). We cannot say that the Board abused its discretion in its determination of the eligibility date.

Also, Heavenly Valley contends that improper payments to election observers could have coerced and influenced employees into voting for the union. Absent excessive or unreasonable payments, union reimbursements to employee election observers do not in themselves

cember 16, 1973, Heavenly Valley's general manager physically assaulted a union organizer. This confrontation occurred in the presence of Heavenly Valley employees.

It is settled that employer assaults upon union agents in the presence of employees constitute a restraint and coercion of employees in the exercise of their rights under section 7 of the Act, 29 U.S.C. § 157 (1970). *NLRB v. McBride Construction Co.,* 274 F.2d 124 (10th Cir. 1960). There is substantial evidence on the record to support the Board's finding of a section 8(a)(1) violation.

The Board's orders are enforced.

SNEED, Circuit Judge (concurring and dissenting):

I concur in the court's memorandum except to the extent it refuses to order a hearing with respect to the material misrepresentations of the union. The limited opportunity to reply afforded Heavenly Valley should not deprive it of the hearing it seeks.

constitute grounds for setting aside an election. *See Collins & Aikman Corp. v. NLRB,* 383 F.2d 722 (4th Cir. 1967); *Quick Shop Markets, Inc.,* 200 N.L.R.B. 830 (1972), 204 N.L.R.B. 1150 (1973), *enf'd* 492 F.2d 1248 (8th Cir.), *cert. denied,* 419 U.S. 1031, 95 S.Ct. 513, 42 L.Ed.2d 306 (1974). *Compare NLRB v. Basic Wire Products, Inc.,* 516 F.2d 261 (6th Cir. 1975), *with Plastic Masters, Inc. v. NLRB,* 512 F.2d 449 (6th Cir. 1975).