NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

YELLOW TRANSPORTATION COMPA-
NY, A DIVISION OF YELLOW CAB
COOPERATIVE, INC., Respondent.

No. 82–7021.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 1983.[1]

Decided July 8, 1983.

William A. Lubbers, Gen. Counsel, John
E. Higgins, Jr., Deputy Gen. Counsel, Rob-
ert E. Allen, Assoc. Gen. Counsel, Elliott
Moore, Deputy Assoc. Gen. Counsel, Paul J.
Spielberg, Deputy Asst. Gen. Counsel,
Washington, D.C., for petitioner.

James J. Meyers, Jr., Berman, Cassel &
Carter, San Francisco, Cal., for respondent.

Before GOODWIN, KENNEDY and
ALARCON, Circuit Judges.

PER CURIAM.

The National Labor Relations Board peti-
tions for enforcement of its order to the
Yellow Transportation Company (Yellow
Cab) to bargain in good faith with the
Independent Cab Drivers Association (the
Drivers). The National Labor Relations
Board certified an election in which Yellow
Cab drivers voted to make the Drivers their
collective bargaining representative.

Yellow Cab contends that the Drivers
made misrepresentations in printed leaflets
circulated during the campaign. Yellow
Cab countered Drivers' leaflets with its own
leaflets and posted notices. The National
Labor Relations Board did not hold a full
scale evidentiary hearing concerning the
misrepresentations because it concluded
that under the law governing elections, Yel-
low Cab had not made out even a *prima
facie* case of misrepresentations that would
require setting aside the election.

1. The panel agrees that this case may be decid-
ed without oral argument. Fed.R.App.P. 34(a).

The National Labor Relations Board's findings of fact must be upheld if they are supported by "substantial evidence" and its legal conclusions affirmed unless they are "arbitrary and capricious." *N.L.R.B. v. International Ass'n of Bridge, Etc.,* 549 F.2d 634, 640 (9th Cir.), *cert. denied,* 434 U.S. 832, 98 S.Ct. 116, 54 L.Ed.2d 92 (1977). An evidentiary hearing regarding electoral conduct is required only where the party objecting to the election presents "evidence sufficient to make a prima facie showing as to the alleged facts, which if true, would require a new election." *Alson Mfg. Aero. Div. of Alson Indus., Inc. v. N.L.R.B.,* 523 F.2d 470, 472 (9th Cir.1975).

At the time Yellow Cab objected to the election, the law governing the case was stated in *Hollywood Ceramics Company, Inc.,* 140 N.L.R.B. 221 (1962). Under that rule an election would be set aside for misrepresentation only where a party's misrepresentation involved a substantial departure from the truth and was made at a time when the other party could not make an effective reply. *Id.* at 224. Yellow Cab, by its own admission, had plenty of time to reply to the Drivers' alleged misrepresentations, and Yellow Cab in fact did so. The test is not whether Yellow Cab's reply was effective. It is whether Yellow Cab had time to reply. The National Labor Relations Board adopted its Acting Regional Director's recommendation, and found that Yellow Cab had failed to present evidence which could require a new election. This finding was supported by substantial evidence.

After the National Labor Relations Board's certification of the Drivers, the Board has adopted an even more stringent test for setting aside elections. *Midland Nat'l Life Ins. Co.,* 263 N.L.R.B. No. 24, 110 LRRM 1489 (1982) reasserted the standard set forth in *Shopping Kart Food Market,* 228 N.L.R.B. 1311 (1977). Elections will be set aside only for misrepresentation if a party has used forged documents or altered National Labor Relations Board documents during its campaign. The National Labor Relations Board will not look into the truth or falsity of campaign statements. No forged documents were used by either Yellow Cab or the Drivers in this case. The election may not be set aside on the facts alleged by Yellow Cab.

The National Labor Relations Board does not cite the cases it relied on in certifying the Drivers and in its order. But under the standard then in force, the *Hollywood Ceramics* test, its judgment was correct. Even if it were not correct, to remand for an evidentiary hearing on the facts alleged by Yellow Cab could only result in another certification of the election. Under the current standard as stated in *Midland,* the National Labor Relations Board would be obliged to certify the election. In *Midland,* the Board stated that "we shall apply our new policy not only 'to the case in which the issue arises' but also 'to all pending cases in whatever stage.'" 110 LRRM at 1494 n. 24. To remand for an evidentiary hearing would be futile. It is not required by law because the alleged facts could not require a new election. *Alson,* 523 F.2d at 472.

The National Labor Relations Board's order is enforced.