**VARI–TRONICS COMPANY, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 77–3369.

United States Court of Appeals, Ninth Circuit.

Jan. 9, 1979.

Rehearing Denied Feb. 12, 1979.

James G. Johnson (argued), of Hill, Farrer & Burrill, Los Angeles, Cal., for petitioner.

Vivian A. Miller (argued), Washington, D. C., for respondent.

On Petition to Review a Decision of the National Labor Relations Board.

Before BROWNING and ANDERSON, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

Warehousemen, Garage and Service Station Employees Local 334 filed a petition for a representation election with the National Labor Relations Board, seeking to represent a unit of employees at Vari-Tronics' Spokane, Washington, facility. The parties entered into an Agreement for Consent Election, which provided that "[o]bjections to the conduct of the election or conduct affecting the results of the election . . . may be filed within 5 days after issuance of the Tally of Ballots." *See* 29 C.F.R. §§ 101.19(a)(4), 102.69(a) (1977).

The Union won the election by a 2-to-1 margin. Vari-Troncis filed timely objections to the election, claiming that the Union offered to waive a substantial portion of the regular initiation fee to any employees who paid the reduced fee and signed authorization cards before the election.

The Regional Director investigated Vari-Tronics' objections and issued a report. He found that a Union representative had told employees during the election campaign that the Union had a policy of admitting groups of previously unrepresented employees to membership at a discounted rate. The discount was available both before and after the election; the employees could take advantage of the discount until a bargaining agreement was signed. The Regional Director noted in passing that the Union would not refund any fees paid if the Union lost the election.

The Regional Director held that the reduced fee policy did not interfere with the employees' free choice. *See NLRB v. Savair Manufacturing Co.*, 414 U.S. 270, 272 n.4, 94 S.Ct. 495, n.4, 38 L.Ed.2d 495 (1973). Accordingly, he overruled the objections without a hearing and certified the election results. Vari-Tronics filed exceptions to the Regional Director's report, but the Board refused to consider them.

After Vari-Tronics refused to bargain, the Union filed an unfair labor practice charge. Vari-Tronics admitted refusing to bargain but claimed that the Union was not properly certified because the election was invalid and because there had been no evidentiary hearing on the objections to the election.

After an unfair labor practice hearing, the Board ordered Vari-Tronics to bargain with the Union. 230 N.L.R.B. 1139 (1977). Vari-Tronics petitions for review of the Board's order. The Board cross-applies for enforcement of its order.

I

██ Vari-Tronics has abandoned the argument that the offer was improperly conditioned on the signing of authorization cards before the election. Vari-Tronics' shift in position was compelled when the Regional Director's investigation revealed that the offer was not in fact conditioned on the pre-election signing of cards.

Vari-Tronics now seeks to challenge the election on the ground that discounted fees paid before the election would have been nonrefundable had the Union lost the election. No mention was made of the nonrefundable nature of the reduced-fee offer, however, in the objections to the election.

---

* Honorable David W. Williams, United States District Judge, Central District of California, sitting by designation.

Vari-Tronics first addressed the nonrefundability issue after the five-day period allowing for filing objections.

Vari-Tronics waived the nonrefundability issue by failing to raise it in a timely manner. See 29 C.F.R. §§ 101.19(a)(4), 102.69(a) (1977); 29 U.S.C. § 160(e) (1976); *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 36–37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952) ("[C]ourts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice"). Moreover, we emphasize that counsel for the employer did not attempt any showing, or argue, either before the Board or before this court, that its "failure or neglect to urge such objection [should] be excused because of extraordinary circumstances." 29 U.S.C. § 160(e) (1976).

## II

■ Vari-Tronics contends that it was denied the due process right to an evidentiary hearing regarding the Union's initiation fee policy. Vari-Tronics argued in its brief that it sought the hearing "to inquire *further* into the nature *and extent* of the Union's policies . . . ." (Emphasis in original.)

■ By signing the consent agreement, however, Vari-Tronics may well have waived any right to a formal hearing on its election objections. See *NLRB v. Carlton Wood Products Co.*, 201 F.2d 863, 866–67 (9th Cir. 1953) (signing consent agreement waives hearing on voter eligibility challenge). Even where an election is contested rather than by consent, in order to secure an evidentiary hearing regarding objections to an election, "the objecting party must supply prima facie evidence, presenting 'substantial and material factual issues' which would warrant setting aside the election." *NLRB v. Aaron Brothers Corp.*, 563 F.2d 409, 411 (9th Cir. 1977) (*quoting Alson Manufacturing Aerospace Division v. NLRB*, 523 F.2d 470, 472 (9th Cir. 1975)). See 29 C.F.R. § 102.69(f) (1977).

■ A party does not raise "substantial and material factual issues" merely by disagreeing with the Regional Director's report. "To request a hearing a party must, in its exceptions, define its disagreements and make an offer of proof to support findings contrary to those of the Regional Director." *NLRB v. L. D. McFarland Co.*, 572 F.2d 256, 261 (9th Cir. 1978) (*quoting NLRB v. Griffith Oldsmobile, Inc.*, 455 F.2d 867, 869 (8th Cir. 1972)).

Vari-Tronics has not satisfied its burden of presenting substantial issues. A party cannot demand an evidentiary hearing simply to "inquire further" into possible election improprieties. The Board properly refused to order an evidentiary hearing.

The petition for review is denied and the Board's cross-application for enforcement is granted.