**SOUTH PACIFIC FURNITURE, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 79–7167.**

United States Court of Appeals, Ninth Circuit.

Submitted May 22, 1980.

Decided Sept. 4, 1980.

---

Barry W. Marr, Torkildson, Katz, Jossem & Loden, Honolulu, Hawaii, for petitioner.

Helen L. Morgan, Washington, D.C., on brief; John D. Burgoyne, Washington, D.C., for respondent.

Before MERRILL, DUNIWAY and TANG, Circuit Judges.

DUNIWAY, Circuit Judge:

South Pacific Furniture, Inc. petitions for review of a Decision and Order of the National Labor Relations Board. The Board cross-petitions for enforcement of its Order. We deny South Pacific's petition and grant the Board's petition.

### I. *The Facts.*

On December 23, 1977, an appropriate unit of employees of South Pacific voted in a representation election. The poll was to be open from 7:30 to 7:45 a. m. At about 7:35, the Union observer, appointed under NLRB *Casehandling Manual, (Part Two) Representation Proceedings ¶ 11310,* said to employees waiting in a room adjacent to the balloting area, "Come on and vote, exercise your power." The employees then lined up to vote and voted. Of the thirteen eligible voters, eight cast their ballots for the Union and four cast their ballots against it.

South Pacific objected to the election, claiming that the observer's statement was impermissible electioneering. No other showing was made in support of South Pacific's objection to certification. The Regional Director concluded that the statement was not electioneering, and recommended overruling the objection and certifying the Union. No hearing was held. The Board adopted the Regional Director's findings and recommendations, again without a hearing, and certified the Union.

South Pacific then refused to bargain with the Union or to supply it with information relevant to bargaining issues. The Union filed an unfair labor practice charge. The Board granted the General Counsel's motion for summary judgment, finding that South Pacific had violated §§ 8(a)(5) and (1) of the Act by refusing to bargain and to furnish information related to bargaining.

It ordered South Pacific to bargain, to furnish the requested information and to post an appropriate notice.

## II. *The Applicable Rule.*

In *Robert's Tours, Inc. v. NLRB,* 9 Cir., 1978, 578 F.2d 242, we said in *dictum* that "[b]oth company and union parties are prohibited from carrying on conversations of any type in the polling area, or where the employees wait in line to vote." 578 F.2d at 244, citing *Milchem, Inc.,* 1968, 170 N.L. R.B. 362. Our dictum in *Robert's* is overbroad. In *Milchem,* the Board set aside an election because a union representative carried on a five minute conversation with a line of fifteen employees waiting to vote. The Board said that "*sustained* conversation . . . , regardless of . . . content . . . necessitates a second election." The Board also referred to "*prolonged*" conversations. *Id.* at 362. (emphasis added). However, the Board cautioned that its rule should be "informed by a sense of realism," and "does not mean that any chance, isolated, innocuous comment" will void the election. *Id.* at 363.

## III. *The Rule Applied.*

We agree with the Board's caution, and apply it here. We can hardly characterize the essentially neutral statement made here as a "conversation," much less as a "sustained" one. We find it hard to take seriously South Pacific's assertion that the statement "Come on and vote, exercise your power" was "electioneering." The "power" of a voter is "exercised" by voting, whichever way the vote is cast. To speak of it is not to demand or even to suggest a vote in a particular way. The statement is not one that can be said to have inhibited the free choice of the employees in selecting their representatives.

## IV. *A Hearing was not Required.*

A party seeking to void a Board conducted election must, to be entitled to a hearing, "supply *prima facie* evidence presenting substantial and material factual issues which would warrant setting aside the election." *Valley Rock Products, Inc. v.*

*NLRB,* 9 Cir., 1979, 590 F.2d 300, 302. *See also Heavenly Valley Ski Area v. NLRB,* 9 Cir., 1977, 552 F.2d 269, 271, and cases there cited. No such showing was made here. The Regional Director and the Board assumed that the statement to the voters had been made. South Pacific cannot demand an evidentiary hearing simply to inquire further into unspecified possible election improprieties. *Vari-tronics v. NLRB,* 9 Cir., 1979, 589 F.2d 991, 993.

The Order of the Board will be enforced. The petition for review is denied.