105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
The RIVERBOAT HOTEL, Respondent.
 No. 95-70773.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 24, 1996.
 
 On Application for Enforcement of an Order of the National Labor Relations Board, NLRB No. 32-CA-14682.
 NLRB
 PETITION GRANTED.
 Before: BOOCHEVER, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The National Labor Relations Board petitions for enforcement of its order finding that The Riverboat Hotel violated section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) and (1), by refusing to bargain with the International Union of Operating Engineers, Stationary Engineers Local 39, AFL-CIO, and requiring it to cease and desist from engaging in unfair labor practices and to bargain collectively with the union representing its Engineering Department. We have jurisdiction, 29 U.S.C. § 160(e), and we grant the petition to enforce.
 
 
 3
 * Riverboat argues that the Union was certified in error because pro-Union conduct by supervisors destroyed the laboratory conditions of the election. However, the Board's order must be enforced if it correctly applies the law and its findings of fact are supported by substantial evidence on the record. NLRB v. Cal-Western Transport, 870 F.2d 1481, 1484 (9th Cir.1989). Both conditions are met here.
 
 
 4
 Supervisory support will invalidate a union's victory only "if it reasonably tends to have a coercive effect on or is likely to impair an employee's choice." Id. (citations omitted). To invalidate an election, the supervisor's solicitation must "contain the seeds of potential reprisal, punishment, or intimidation." NLRB v. Island Film Processing Co., Inc., 784 F.2d 1446, 1452 (9th Cir.1986) (citations omitted). If in making its findings of non-coercion the Board "properly focused on the extent of [the supervisor's] supervisory authority and on his pro-union activity ... and if substantial evidence in the record supports its findings, we must uphold the Board's conclusion." Cal-Western, 870 F.2d at 1484.
 
 
 5
 Substantial evidence supports the Board's finding that pro-Union solicitation by Terrill could not reasonably have coerced the choice of the employees. Terrill had been a supervisor for just a couple of months, didn't fully exercise supervisory authority, was in charge of the engineering department on limited days and as to five out of its ten employees, wore the same uniform as other employees, disciplined but one employee who had fought with a maid, and was terminated 4 1/2 weeks before the petition was filed; he only organized the first meeting at which employees discussed the union, attended subsequent meetings, signed an authorization card and encouraged others to sign them if they wanted the Union to win, and stated that a Union victory would be "beneficial" for everyone. There is no evidence that Terrill made direct threats to the employees or that his pro-union statements were anything more than his personal opinion. The Board examined the degree of Terrill's supervisory authority, the extent to which he could be perceived as rewarding or retaliating, and his pro-Union conduct, and we cannot fault its conclusion that Terrill's limited campaign activity, coupled with his discharge well before the election, did not likely impair or coerce the employees' choice. See Cal-Western Transport, 870 F.2d at 1485 (Board properly certified union even though supervisor attended and encouraged employees to attend union meetings); NLRB v. Hawaiian Flour Mill, Inc., 792 F.2d 1459, 1463-64 (9th Cir.1986) (election not invalidated where supervisor signed and passed out authorization cards, and expressed his personal support for the union).
 
 
 6
 Neither NLRB v. Island Film Processing Co., Inc., 784 F.2d 1446, nor Flint Motor Inn Co., 194 NLRB 733 (1971), upon which Riverboat relies, compels a different result. Both involved supervisors who exercised broader supervisory authority and who engaged in conduct which was much more likely to have a coercive effect on the employees' vote. Terrill did not predict unfavorable consequences in the event of a union defeat, and did not continue to solicit support for the union up until the election. Even if the employees reasonably could have thought that Terrill would be reinstated pursuant to the union's unfair labor practice charge, as Riverboat argues, his limited pro-union conduct, terminating weeks before the election, does not support Riverboat's position that the employees could reasonably fear retaliation. Likewise, NLRB v. Howard Johnson Motor Lodge, 705 F.2d 932 (7th Cir.1983), is distinguishable because there, a pro-union supervisor threatened an employee that the employee would be let go if the Union got in and told the employee after she herself was fired, that she would return to her supervisory job with back pay. No similar evidence of threatened retaliation exists in this case.
 
 II
 
 7
 Riverboat contends that it was prejudiced by the NLRB's denial of an evidentiary hearing on its election objections, but we see no abuse of discretion. NLRB v. Valley Bakery, Inc., 1 F.3d 769, 772 (9th Cir.1993).
 
 
 8
 "To obtain an evidentiary hearing on an election objection, the objecting party must make a prima facie showing that substantial and material issues of fact exist that would warrant setting aside the election." Id. at 771-72. To make a facial showing, the "proffer [of evidence] may not be conclusory or vague; it must point to specific events and specific people." Id. at 722 (citation omitted).
 
 
 9
 The finding that Terrill was a supervisor and engaged in pro-Union activities does not suffice, as Riverboat suggests. See Cal-Western, 870 F.2d at 1484. In any event, Riverboat submitted its evidence to the Regional Director, and we can't say that its objections raised substantial and material factual issues since, reviewing its proffer most favorably to Riverboat, the supervisory solicitation did not rise to a level that would invalidate the election. Valley Bakery, 1 F.3d at 772.
 
 
 10
 Nor does it matter that the Board's decision not to conduct an evidentiary hearing foreclosed Riverboat from obtaining evidence to support its case. "A party cannot demand an evidentiary hearing simply to 'inquire further' into possible election improprieties." Vari-Tronics Co., Inc. v. NLRB, 589 F.2d 991, 993 (9th Cir.1979).
 
 
 11
 The Stephens affidavit that Riverboat sought to have the Board consider through its motion to reopen likewise did not raise factual issues about Terrill's or Marlin's pro-Union conduct and its coercive effect on unit employees such that the Board abused its discretion in failing to hold an evidentiary hearing. See NLRB v. Cutter Dodge, Inc., 825 F.2d 1375, 1381 (9th Cir.1987) (no abuse of discretion if different result not required). The information about Terrill was not new, and the statements concerning Marlin indicate that Marlin simply said he was in favor of the Union and linked the Union to a "fair wage." The Board did not err, as this is not the kind of evidence that could lay the foundation for potential coercion of employees. Cf. Island Film, 784 F.2d at 1452-53.
 
 
 12
 PETITION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3