NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

AARON BROTHERS CORP., Respondent.

No. 76–3442.

United States Court of Appeals, Ninth Circuit.

Oct. 21, 1977.

---

Elliott Moore, Corinna Metcalf, Deputy Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., Abraham Siegel, Director, Region 31, N.L.R.B., Los Angeles, Cal., for petitioner.

Norman H. Kirshman, Nelson, Kirshman, Goldstein, Gentile & Rexon, Los Angeles, Cal., Brundage, Beeson & Pappy, William J. Smith, Los Angeles, Cal., for Aaron Brothers.

Before KOELSCH and HUFSTEDLER, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

The National Labor Relations Board (Board), pursuant to § 10(e) of the National Labor Relations Act, as amended, (61 Stat. 136, 73 Stat. 519, 88 Stat. 395) (the Act), petitions for enforcement of its order issued on April 30, 1976 (223 NLRB No. 169) holding the respondent Aaron Brothers Corporation (Company) in violation of § 8(a)(5) and (1) of the Act by refusing to bargain with the Union.[1] We enforce the order.

On April 4, 1975, the Board held a consent election in a unit consisting of all warehouse employees and truck drivers at the Company's store at 940 Orange Drive in Los Angeles. The Union won by a vote of 14 to 1, with no ballots challenged.

Thereafter on April 10, 1975, the Company filed five objections to the election. On June 13, 1975, the Regional Director of the Board, after considering the evidence submitted by the Company and conducting an investigation of his own, issued a report on the objections and recommended that the Board overrule all of the Company's objections and certify the Union. The Company then requested a review by the Board as to Objections 1, 2, 3, and 5, asking that the case be remanded for an evidentiary hearing. On September 4, 1975, the Board, after reviewing the Company's exceptions in light of evidence submitted, issued its decision and certification of representative adopting the Regional Director's findings, conclusions, and recommendations and certifying the Union. About September 8, 1975, the Union requested the Company to bargain with it, and on September 17, 1975, the Company refused.

---

\* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Teamsters, Automotive Workers Local 495, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America.

2. In *Alson*, the evidentiary record before the Board consisted of five affidavits of Alson employees which raised issues of fact

In these proceedings, the Company continues to pursue three of its original objections:

*Objections 1 and 2:* The Union campaigned within 100 feet of the polling booth and that shouting by employees in the immediate vicinity of the polling area destroyed the required laboratory conditions.

*Objection 3:* The Union's offer to waive initiation fees for those employees who sign authorization cards before the election constituted an unlawful inducement.

*DISCUSSION*

*Objections 1 and 2:*

The Company contends that on the strength of its evidentiary showing, the Board erred in rejecting its objections to the election without a hearing. The applicable rule was recently applied by this Court in *Alson Mfg. Aero. Div. of Alson Indus., Inc. v. N. L. R. B.*, 523 F.2d 470, 472 (9th Cir. 1975).

"It is true that in order to obtain a hearing in a post-election representation proceeding, the objecting party must supply prima facie evidence, presenting 'substantial and material factual issues' which would warrant setting aside the election. 29 C.F.R. § 102.69(c). It is also correct that a hearing is unnecessary where if all the facts contended for by the objecting party were credited, no ground is shown which would warrant setting aside the election. *N. L. R. B. v. Smith Industries, Inc.*, 403 F.2d 889, 892 (5th Cir. 1968); *N. L. R. B. v. Harrah's Club*, 403 F.2d 865, 869 (9th Cir. 1968).[2]

"as to whether the Union falsely and maliciously accused Alson of dishonesty in dealing with its employees and misrepresented the Union's remedies in regard thereto; whether the Union made or condoned widespread threats of violence against Alson's employees; whether the Union misrepresented Alson's profits; whether the Union electioneered at or near the polls during the election; and whether the Union falsely denied the existence of a collective bargaining contract between it and another employer." *Id.*

We believe the factual picture in *Alson* is not reflected here and in that respect *Alson* is inapposite. Following the legal course laid down in *Alson*, we review the Company's objections in light of the record evidence. On the day of the election, the voting employees entered an assembly area on the Company's premises and then entered one by one into an adjoining room for their actual polling. The only evidence offered by the Company as to the atmosphere in the polling area consisted of two affidavits by Company people to the effect that within the assembly area some unidentified employees shouted to other arriving employees, "Here comes so-and-so, come on, man, let's do it, or words to that effect." The affidavits characterized the noise in the following terms, "loud cat calls," "loud noises," "cheering and shouting [which] would reach a peak and then subside and shortly thereafter resume again," "shouting, cheering and general raucousness," "the noise became so distressing to me [a Company Vice-President], I expressed the desire to look and see what was happening." However, there is no evidence in the record that any employee was in any wise intimidated or influenced by such shouting or commotion in his ultimate vote.

▉ The Board will not set an election aside unless misconduct "constitute[d] an interference with free choice, for or against a bargaining representative . . . ." *N. L. R. B. v. Bata Shoe Co.*, 377 F.2d 821, 829 (4th Cir.), *cert. denied*, 389 U.S. 917, 88 S.Ct. 238, 19 L.Ed.2d 265 (1967), quoting *Anchor Mfg. Co. v. N. L. R. B.*, 300 F.2d 301, 303 (5th Cir. 1962). *Alson* dealt with the charge that union agents were the motivating force behind the bad practices. In contrast, here the evidentiary record is devoid of any showing of union participation. We adhere to the Board's policy that "activities of a union's employee adherents which are not attributable to the union itself are entitled to less weight in the variable equation which leads to a conclusion that an election must be set aside." *N. L. R. B. v. Monroe Auto Equipment Co.*, 470 F.2d 1329, 1332

(5th Cir. 1972). Furthermore this Court has recognized that the Board's policy "credits employees with the ability to give true weight to the possibly impulsive allegations of fellow employees induced by the heat of a campaign." *N. L. R. B. v. Sauk Valley Mfg. Co.*, 486 F.2d 1127, 1131, n. 5 (9th Cir. 1973). So to warrant overturning an election, employee conduct must be "coercive and disruptive conduct or other action [which] is *so aggravated that a free expression of choice of representation is impossible.*" (Emphasis added). *Monroe Auto Equipment*, 470 F.2d at 1332, quoting *Bush Hog, Inc. v. N. L. R. B.*, 420 F.2d 1266, 1269 (5th Cir. 1969).

The Board has adopted no per se rule governing the distance from the polling booth within which electioneering is restricted. "[T]he establishment of an area in which electioneering is not permitted, must in the first instance be left to the informed judgment of the Regional Director and his agents conducting the election" on a case to case basis. *Marvil International Security Service*, 173 N.L.R.B. 1260 (1968). Here the record is devoid of any evidence adverse to the suitability and propriety of the polling area set up and provided on the Company's premises.

We agree with the Board's conclusions and hold that the Company failed in its burden to present to the Board a prima facie showing that the conduct complained of was attributable to the Union or so aggravated that a free expression of choice of representation by the other employees was impossible.

*Objection 3* :

▉ It is mandated that the Union's promises to waive initiation fees are improper and require an election to be set aside *only* if they are conditioned upon a showing of pre-election support for the Union. *N. L. R. B. v. Savair Mfg. Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). We find the record devoid of any showing by the Company that the Union's waiver of

initiation fees was conditioned on such pre-election support.

Coupled with this objection is the Company's claim that the Board wrongfully refused to order the taking of depositions from the Company's office manager, Gerald Daly, and an employee, Mickey McGuire, pertaining to the fee waiver objection. In support of this application, the Company resubmitted the statement of a Company secretary, Ruth Komors, who had previously reported in the representation proceeding that Daly had told a Company attorney that he (Daly) had witnessed McGuire handing out authorization cards to fellow employees and telling them it would cost them nothing to join the Union. The Regional Director denied the Company's application on the ground that no good cause for taking depositions had been shown. We accept the hearsay statements attributed to Daly and McGuire as true; still there is no showing that the statements were conditioned upon pre-election support for the Union.

The Company makes an oblique complaint of a lack of Due Process in the Board's denial of an evidentiary hearing on its objections because the Regional Director exercised both investigative and adjudicative responsibilities in connection with the issuance and resolution of the unfair labor practice complaint against the Company. Under the Board's rules and regulations, the Regional Director is empowered to issue complaints in unfair labor practice cases, 29 C.F.R. § 203.1, and in the resolution of such complaints, on good cause shown, to order the taking of depositions, 29 C.F.R. § 102.-30(a). It is this combination of responsibilities which the Company argues denied it Due Process. The claim is not well founded. *Withrow v. Larkin*, 421 U.S. 35, 52, 95 S.Ct. 1456, 45 L.Ed.2d 712 (1975). Furthermore the Administrative Procedure Act, 5 U.S.C. § 554(d) is inapplicable under the exemption granted in § 554(a)(6).

We conclude that the Board was within its authority to grant summary judgment effectually overruling the Company's objections without an evidentiary hearing, and its above order is enforced.

ORDER ENFORCED.