NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MIRAMAR OF CALIFORNIA, INC., Respondent.

No. 78–1419.

United States Court of Appeals, Ninth Circuit.

July 24, 1979.

Elliot Moore, Deputy Associate Gen. Counsel, Michael Messitte (argued), Washington, D. C., for the N. L. R. B.

Jeffrey H. Nelson (argued), Nelson & Nelson, Los Angeles, Cal., for Miramar of California, Inc.

Before GOODWIN and TANG, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

The petitioner National Labor Relations Board (Board) seeks, pursuant to 29 U.S.C. § 160(e), the enforcement of its good faith bargaining order issued upon findings that the respondent Miramar of California, Inc. (Company) violated Section 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with the Hospital & Service Employees Union, Local 399 (Union), reported at 233 NLRB No. 151.

We note jurisdiction and grant enforcement.

BACKGROUND:

The Union, desirous of certification as the representative of the Company's production and maintenance employees, won an employee election on January 19, 1977, by a vote of 37 to 32 with three challenged ballots.

The Company filed timely objections to the election, alleging generally that Union agents or adherents had coerced and intimidated other employees to vote for the Union, had threatened them with bodily harm and deportation, and had created a "reign of terror" in the plant.[1] The Company also charged the Union with discriminatory practices, which issue has been abandoned on appeal.

Finding no merit to the Company's objections, the Regional Director on March 23, 1977 issued a supplemental decision and certification of the Union as the duly elected representatives of Miramar's employees.

The Regional Director emphasized that none of the alleged conduct was attributed to authorized agents of the Union, and finding "no evidence that the conduct created an atmosphere of fear and reprisal so as to interfere with the employees' free choice in the election," the Regional Director concluded that sufficient grounds did not exist to warrant setting aside the election and denied the Company's request for an evidentiary hearing.[2]

The Company timely sought review of the decision, contending that the Regional Director had abused his discretion by not ordering a hearing on the issues raised by the objections. Review was denied and the Board issued a complaint and notice of hearing against the Company for its refusal to bargain with the Union. The General Counsel's motion for summary judgment was granted by the Board on December 7, 1977, and the Board applied for enforcement of the order.

AFFIDAVIT FACTS:

As summarized by the Regional Director, the affidavits submitted by the Company related that shortly before the election, Villegas, a plant foreman, twice observed Ruben Perez, a finishing department employee, displaying a knife in the presence of other employees. In one instance he simulated a knife fight. After a plant meeting held before the election, Mogalian, a vice president, saw an employee simulate the

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The Company provided three affidavits in support of its claims. The Regional Director also investigated and secured affidavits from four employees. Whether by oversight or intention, none of those affidavits were included in the record. The Regional Director, however, summarized the contents of the affidavits for the record. *See Oshman's Sporting Goods, Inc. v. NLRB*, 586 F.2d 699, 702–04 (9th Cir. 1978). Nevertheless, to insure a comprehensive review, we, sua sponte, removed the cause from submission and requested the Board to supply the affidavits for the record. The Board has submitted the affidavits for review *in camera*. *See NLRB v. Golden Age Beverage Co.*, 415 F.2d 26, 34 (5th Cir. 1969), and *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). We accept the tender and place the cause under submission.

2. In addition, the Regional Director denied the Company's request for an investigative subpoena for depositions and dismissed its challenge to the qualifications of the investigative agent as a Spanish interpreter.

opening of a knife and point the knife in the direction of a sign that read "Vote No." In the voting area on the day of the election, Mogalian also saw an employee brandish a knife at six other employees walking in the direction of the voting area and exchange comments in Spanish with them. Villegas and Mogalian also stated that certain employees had reported to them that other employees, in particular Almarez, a leadman, and "members of the Garcia family," had harassed and coerced employees to vote for the Union. Villegas further attested that a rumor had circulated prior to the election that the Immigration and Naturalization Service was going to conduct a raid at the plant.

According to the Regional Director, the affidavits secured from Company employees stated that Almarez and Benjamin and Galvino Garcia had conversed with the employees about the election but had not attempted to coerce or intimidate them to vote for the Union.

PARTIES' CONTENTIONS:

The Company, contends that the Board's bargaining order should not be enforced because the Board abused its discretion in not ordering a hearing on the Company's post-election objections. The Company claims that it made a prima facie showing as to facts which, if true, would require a new election and was thus entitled to an evidentiary hearing to resolve the substantial and material factual issue of the state of mind of the employees as a result of the alleged "reign of terror." See Valley Rock Products, Inc. v. NLRB, 590 F.2d 300 (9th Cir. 1979).[3]

We interpret the Board's primary thrust in response to be that, even if the Compa-

ny's averments were fully credited and taken as true, none of the averred conduct was attributable to authorized Union agents, but was rather the actions and words of employees without sanction or condonance by the Union. See NLRB v. Spring Road Corp., 577 F.2d 586, 588 (9th Cir. 1978); NLRB v. Heath Tec Division/San Francisco, 566 F.2d 1367, 1372 (9th Cir. 1978), cert. denied, 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1979); and NLRB v. Aaron Bros. Corp., 563 F.2d 409, 412 (9th Cir. 1977).[4]

DISCUSSION:

We believe that the Board, for reasons of its own, failed to definitively resolve the full issue as presented under the Company's contentions. We also believe that the record before us is sufficient for our full resolution.

It appears that many of the Company's employees live and work in a Spanish speaking community situated within a one-mile radius of the Company's plant. Company employees and members of the community are acquainted with the macho proclivities of certain members of the Garcia family. There was among the Company employees a strong pro-union segment as well as a passive view among others. The close margin of the union vote is witness. Our further query is not to evaluate those pro-union and passive views but only to determine whether the conduct and words of the Union adherents among the Company's employees were so disruptive and so aggravated that a free expression of choice of representation among other employees was impossible. Aaron Bros. Corp., 563 F.2d at 412. See Sauk Valley Mfg. Co., 486 F.2d at 1131 n.5.[5]

---

**3.** "When an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment. Alson Mfg. v. NLRB, supra, 523 F.2d [470] at 472. It cannot be inferred, as a matter of law, that [the union organizer's] acts had no effect on the minds of the voting employees. The employer is not required to prove his case in order to obtain a hearing." Valley Rock Products, Inc. at 303.

**4.** The record is devoid of any evidence that the Union's agents in any way promoted, partici-

pated in or sanctioned the alleged verbal threats, coercion and intimidation or the visual knife exhibition by the Union adherents among the Company's employees. See Spring Road Corp.; Aaron Bros. Corp.; and NLRB v. Sauk Valley Mfg. Co., 486 F.2d 1127 (9th Cir. 1973). Compare Valley Rock Products, Inc.

**5.** There is no evidence in the record that the knife exhibitions or the rumors of an unmaterialized raid by immigration officials in anywise

The Board has been entrusted with wide discretion in the conduct and supervision of elections, and its determination can be disturbed and enforcement of its bargaining powers denied only if the Board on any grounds abused its discretion in refusing to hold a hearing on the objections to the election. *Spring Road Corp.*, 577 F.2d at 587, and *Heavenly Valley Ski Area v. NLRB*, 552 F.2d 269, 271 (9th Cir. 1977).[6]

We find from our *in camera* review of the four employee affidavits nothing but support for the Regional Director's summary.

We agree with the Board's ultimate findings and conclusions that the Company failed to present a prima facie showing that the alleged statements and conduct of the Union's adherents were instigated, authorized, solicited, ratified, condoned or adopted by the Union and that, therefore, the Union cannot be held to account for such conduct. Further, we find no *prima facie* showing by the Company that such Union adherents' physical conduct and verbal threats were so aggravated that a free expression of choice of representation was denied to any of the Company's employees. The Board did not abuse its discretion in the premises, and the good faith bargaining order is enforced.

ENFORCED.

---

frightened, intimidated or coerced any employee as to his vote.

**6.** "[T]he party challenging the election carries a heavy burden in charging that coercion prevented a fair election, for evidence must be furnished overcoming the presumption that ballots cast under the safeguards provided by Board procedure reflect the true desires of the participating employees. . . . In order to obtain a hearing in a post-election representation proceeding, the objecting party must supply *prima facie* evidence presenting substantial and material factual issues which would warrant setting aside the election. . . ." *Valley Rock Products, Inc.*, 590 F.2d at 302. (Citations omitted).