**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MASONIC HOMES OF CALIFORNIA, INC., Respondent,**

**Hospital and Institutional Workers Union, Local 250, Intervenor.**

No. 79–7377.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1980.

Decided July 25, 1980.

Lee Jackson, Washington, D. C., for petitioner.

David A. Rosenfeld, San Francisco, Cal., argued for intervenor.

George J. Tichy, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for respondent.

Before WRIGHT, KENNEDY and HUG, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The Board seeks to enforce its order finding that Masonic violated 29 U.S.C. § 158(a)(5) and (1) by refusing to bargain with Local 250 (the Union). Masonic contends that its refusal to bargain was not an unfair practice because the Board improperly certified the Union without hearing Masonic's objections to the representation election. Masonic has shown facts raising material questions as to the validity of the election results. We deny enforcement and remand for an evidentiary hearing.

## I. FACTS

The employees of Masonic, a nursing home, voted in a representation election. Masonic filed objections but the Regional Director investigated and recommended that all be overruled. The Board adopted those findings and conclusions without a hearing and certified the Union. Masonic refused to bargain and was found in violation of the act.

## II. DISCUSSION

The Board has wide discretion in conducting and supervising representation elections. Certification of a union without hearing objections to the election may be disturbed only for abuse of that discretion. *NLRB v. Miramar of California, Inc.*, 601 F.2d 422, 425 (9th Cir. 1979). To get a hearing on post-election objections a party must make a prima facie showing of facts that present "substantial and material factual issues" which, if true, would constitute sufficient grounds to set aside the election.

*Valley Rock Products, Inc. v. NLRB*, 590 F.2d 300, 302 (9th Cir. 1979).

### A. Offer to Waive Fees

■ Masonic contends that the Union improperly offered to waive union initiation fees. A union may not offer to waive the initiation fee only of those employees who sign recognition slips before a representation election. *NLRB v. Savair Manufacturing Co.*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973). Because such inducement creates a false image of employee support and impairs the right to a fair election of those employees who may oppose unionization, setting aside the results may be justified. *Id*, at 278, 279–80, 94 S.Ct. at 499, 500–501.

Even where a fee waiver offer is not explicit as to time limitations, if "a responsible interpretation of the offer is contrary to the requirements of *Savair*, then the election should be set aside." *NLRB v. Aladdin Hotel Corp.*, 584 F.2d 891, 893 (9th Cir. 1978).

■ Employee Izquierdo's affidavit said that a Union representative "told me to sign the [authorization] card right away because if I did I would not have to pay any initiation fee." This is prima facie proof of an illegal fee waiver offer. A responsible interpretation is that if Izquierdo waited until after the election she would have to pay an initiation fee. Masonic should have an evidentiary hearing on the issue.

### B. Campaign Misconduct

■ An election must be set aside if campaign misconduct was so aggravated that a free expression of choice by employees was impossible. *NLRB v. Aaron Brothers Corp.*, 563 F.2d 409, 412 (9th Cir. 1977). The Board will invalidate an election on the basis of inaccurate campaign propaganda only where there has been a misrepresentation or similar campaign trickery, which involves a substantial departure from the truth, at a time which prevents the other party or parties from making an effective reply, so that the misrepresentation, whether deliberate or not, may reasonably be expected to have a significant impact on the election. *Hollywood Ceramics Co.*, 140 N.L.R.B. 221, 224 (1962); *General Knit of California, Inc.*, 239 N.L.R.B. No. 101 (1978).

Masonic contends that the Union stated falsely that it is almost impossible for health care employees to have a legal strike and accused Masonic falsely of committing an unfair labor practice by questioning employees about their union sympathies. Both statements were misrepresentations.[1]

The statement concerning strikes was distributed only two days before the election.

The combined impact of the misrepresentations may have been sufficient to taint the entire election. *Cf. NLRB v. Winchell Processing Corp.*, 451 F.2d 306, 308–10 (9th Cir. 1971) (cumulative effect of misrepresentations invalidated election results). The Board should determine whether the alleged misrepresentations had a significant impact.

■ Masonic says that the Union and its supporters created an atmosphere of fear that prevented a free expression of choice. Where the Board has rejected challenges to campaign activity, a party on appeal "carries a heavy burden in charging that . . . coercion prevented a fair election." *Oshman's Sporting Goods, Inc. v. NLRB*, 586 F.2d 699, 702 (9th Cir. 1978) (quoting *NLRB v. Sauk Valley Manufacturing Co.*, 486 F.2d 1127, 1130 (9th Cir. 1973). The issue is whether the coercive conduct so influenced potential voters that a free choice by employees was impossible. *NLRB v. Miramar of California, Inc.*, 601 F.2d 422, 424 (9th Cir. 1979).

■ One employee testified that the Union harassed her with telephone calls and one adherent prevented her from closing her front door when soliciting her vote.

---

1. The special provisions for health care institutions in 29 U.S.C. § 158(d) simply impose longer notice periods before a strike.

Several others expressed fear of reprisals from the Union but none of these fears was attributed to actions or statements by the Union.[2] Affidavits by company attorneys said that other employees had refused to give statements for fear of the Union. The Board should determine whether such coercive conduct made impossible a free expression of choice.

Masonic contends that Union observers improperly maintained a list of voters in the voting area while balloting was taking place. The Board has said that lists of voters are prohibited in that area. *See Piggly Wiggly, # 011 and # 228 Eagle Food Centers, Inc.*, 168 N.L.R.B. 792 (1967). It has refused to set aside an election, however, where the violation has been de minimis. *See Tom Brown Drilling Co.*, 172 N.L.R.B. 1267 (1968); *Locust Industries, Inc.* 218 N.L.R.B. 717 (1975). Contrary to Masonic's assertion, this court has not rejected the Board's "de minimis" theory. *See Robert's Tours, Inc. v. NLRB*, 578 F.2d 242 (9th Cir. 1978). On remand, the Board should determine whether the list had more than a de minimis effect.

 Masonic contends that sample ballots on a company wall were marked with a vote for the Union, giving the impression that the Board favored it. The Board was within its discretion in rejecting this challenge. The defaced ballots were timely replaced with unmarked ones. We doubt that the Board's neutrality was placed in question and the Regional Director found no evidence that the Union or its supporters defaced the sample ballots.

Finally, Masonic contends that the Board agent improperly permitted a Union observer to leave the balloting room and enter a hall through which voters passed. Even if true the action would not warrant setting aside the election. There was no evidence of contact or conversation between voters and the Union observer. *See Sonoco Products Co. v. NLRB*, 443 F.2d 1334, 1337 (9th Cir. 1971); *Milchem Inc.*, 170 N.L.R.B. 362 (1968). We sustain the Board's findings with respect to this challenge.

### C. *Conclusion*

Masonic has made a prima facie showing on questions of fee waiver offers, campaign misrepresentations, the maintenance of a voter list, and voter intimidation that, if true, would warrant setting aside the election. Under similar facts, the Fifth Circuit stated:

> We give full recognition to the wide discretion which has been vested in the Board. We are equally aware of the heavy burden that the employer must bear. Our decision should not be interpreted as telegraphing any indication of this court's inclination with respect to the ultimate merits of the case. We hold simply that the Board does not have discretion to deny a hearing to a losing party who has supplied prima facie evidence raising substantial and material issues that would warrant setting the election aside.

*Gulf Coast Automotive Warehouse Co. v. NLRB*, 588 F.2d 1096, 1099–1100 (5th Cir. 1979).

We remand for an evidentiary hearing on whether the alleged misconduct deprived Masonic employees of a free expression of choice.

Enforcement denied. Remanded for further proceedings.

---

**2.** The Board and courts accord less weight to improper statements made by employees than to statements by unions or employers *NLRB v.* *Sauk Valley Manufacturing Co.*, 486 F.2d 1127, 1131 & n. 5 (9th Cir. 1973).