NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LEONARD CREATIONS OF CALIFORNIA, INC., Respondent.

No. 79–7633.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 1980.

Decided Feb. 2, 1981.

Michael R. White, Washington, D. C., for petitioner.

Edwin H. Franzen, Los Angeles, Cal., on brief; Kyle D. Brown, Hill, Farrer & Burrill, Los Angeles, Cal., for respondent.

Before FERGUSON and NORRIS, Circuit Judges, and PANNER,* District Judge.

FERGUSON, Circuit Judge:

At a union representation election among employees of Leonard Creations of California, Inc., 62 employees voted in favor of representation, 61 voted against, and one ballot is contested. The contested ballot exhibits a full "X" in the box indicating a vote against union representation and a slash in the box in favor of it.[1] The National Labor Relations Board found the ballot invalid, and thus determined the election outcome in favor of unionization. Consequently, the Board certified the union as representative of the employees.

The company refused to bargain with the union, in order to obtain review in this court of the Board's certification of the union. The Board petitioned to enforce its order to bargain, after finding that the company violated §§ 8(a)(5) and (1)[2] of the National Labor Relations Act by its refusal to bargain and by its unilateral grant of a wage increase. We reverse the Board.

While the NLRB has often held that marks in two alternative squares on a ballot render it invalid, see, e. g., Caribe Industrial and Electrical Supply, Inc., 216 N.L.R.B. 168 (1975); Bon Tool & Die Co., 115 N.L.R.B. 103 (1956), the underlying principle favors inclusion of a ballot in an election tally "where the voter's intent has been clearly manifested," NLRB v. Sauk Valley Manufacturing Co., 486 F.2d 1127, 1133 (9th Cir. 1973). This policy has often resulted in inclusion of ballots with marks in both squares. See, e. g., Abtex Beverage Corp.,

* The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

1. The disputed ballot was marked in the following way:

UNITED STATES OF AMERICA
ESTADOS UNIDOS DE AMERICA
National Labor Relations Board
Junta Nacional De Relaciones Del Trabajo
OFFICIAL SECRET BALLOT
PAPELETA SECRETA OFICIAL
For Certain Employees of
Para Ciertos Empleados De
LEONARD CREATIONS OF CALIFORNIA, INC.

Do you wish to be represented for purposes of collective bargaining by ·
¿Desea usted estar representado para los fines de negociar colectivamente por

LOCAL 1010 UNITED INDUSTRIAL WORKERS OF
THE UNITED FURNITURE WORKERS OF AMERICA, AFL–CIO

MARK AN "X" IN THE SQUARE OF YOUR CHOICE
MARQUESE CON UNA "X" DENTRO DEL CUADRO DE SU SELECCION

| YES SI | NO NO |
|--------|-------|

DO NOT SIGN THIS BALLOT. Fold and drop in ballot box.
NO FIRME ESTA PAPELETA. Dóblela y deposítela en la urna electoral.
If you spoil this ballot return it to the Board Agent for a new one.
Si usted daña esta papeleta devuélvala al Agente de la Junta y pídale una nueva.

2. 29 U.S.C. §§ 158(a)(5) and 158(a)(1).

237 N.L.R.B. 1271 (1978) (ballot counted where voter attempted to obliterate one mark); *Belmont Smelting Works*, 115 N.L. R.B. 1481 (1956) (complete "X" in one box validates ballot despite diagonal line in other box).

On review, an NLRB order will not be upheld unless supported by substantial evidence. *NLRB v. Masonic Homes of California*, 624 F.2d 88, 89 (9th Cir. 1980). In the present case, the entire record consists of the contested ballot. Examining the ballot in light of our prior decisions and those of the NLRB, we find little support for the Board's conclusion that the voter's intent was unclear. Although the "Yes" box contains a line, only the "No" box received a completed mark. It follows that the voter intended to register a "No" vote rather than a meaningless gesture of indecision.

The order of the Board is REVERSED.