## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## ESKIMO RADIATOR MFG. CO., Respondent.

No. 81–7626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1982.

Decided Oct. 1, 1982.

Paul Bateman, Washington, D.C., argued, for petitioner; Wilford W. Johansen, Los Angeles, Cal., on brief.

Dwight L. Armstrong, Newport Beach, Cal., argued, for respondent; Harry Stang, Musick, Peeler & Garrett, Los Angeles, Cal., on brief.

Before GOODWIN and NELSON, Circuit Judges, and MARSHALL *, District Judge.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its Order, 255 N.L. R.B. No. 43 (1981), finding that Eskimo Radiator Manufacturing Company violated §§ 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (5), by refusing to bargain with the union.

The Teamster Automotive Local 495 filed a petition with the board to represent production, maintenance, shipping and receiving employees and warehousemen at Eskimo Radiator's facilities in Los Angeles, California. A representation election result in a vote of 73 to 70 in favor of the union.

Eskimo Radiator filed six objections to the election alleging: (1) that union agents and representatives engaged in electioneering and prolonged conversations with voters in the polling area (objections 1 and 2); (2) that union agents threatened peripheral harm to employees and created an atmosphere of fear and reprisals (objection 3); (3) that union agents told employees that their names would be turned over to the immigration authorities if they did not vote for the union (objection 4); and (4) that one of the board's agents encouraged the employees to vote for the union at the election (objection 5).[1] Objections 3, 4 and 5 are the subject of this action.

After an administrative investigation of the objections, the regional director overruled Eskimo Radiator's objections and certified the union.

Eskimo Radiator admits that it refused to bargain with and provide information to the union, but claims that it did not violate §§ 8(a)(1) and (5) of the Act,[2] because the board's certification was not valid. We hold that the certification was valid. Eskimo Radiator violated the Act and the summary judgment for the general counsel was proper.

"Congress has entrusted the Board with a wide discretion in conducting and supervising elections." *N.L.R.B. v. W. S. Hatch Co., Inc.,* 474 F.2d 558, 561 (9th Cir. 1973), *quoted in N.L.R.B. v. Sauk Valley Manufacturing Co. Inc.,* 486 F.2d 1127, 1130 (9th Cir. 1973). *Accord: Spring City Knitting Co. v. N.L.R.B.,* 647 F.2d 1011, 1017 (9th Cir. 1981); *N.L.R.B. v. Masonic Homes, Inc.,* 624 F.2d 88, 89 (9th Cir. 1980). The appellate court is limited to determining if the "Board on any grounds abused its discretion in refusing to hold a hearing on the objections to the elections." *N.L.R.B. v. Miramar of California, Inc.,* 601 F.2d 422, 425 (9th Cir. 1979).

As this court has stated:

"Accordingly, the party challenging the election carries a heavy burden in charging that coercion prevented a fair election, for evidence must be furnished overcoming the presumption that ballots cast under the safeguards provided by Board procedure reflect the true desires of the participating employees.... In order to obtain a hearing in a post-election representation proceeding, the objecting party must supply *prima facie* evidence presenting substantial and material factual issues which would warrant setting aside the election...." *Valley Rock Products, Inc. v. N.L.R.B.,* 590 F.2d 300, 302 (9th Cir. 1979).

---

* Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

1. The sixth objection alleged that the union destroyed "the laboratory conditions for employee free choice." Eskimo Radiator gave no specifics nor did it introduce any evidence in support of this objection. The regional director recommended overruling this objection. Eskimo Radiator does not challenge this part of the regional director's report.

2. Sections 8(a)(1) and (5) of Act, 29 U.S.C. § 158(a)(1) and (5), provide:

"(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

.    .    .    .    .

(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title."

■ Eskimo Radiator claims that the regional director did not include the affidavits from its *ex parte* investigation in the record, and may not have included the affidavits submitted by the company. *See* 29 C.F.R. § 102.68 [3] and § 102.69(g) [4]. Assuming that the regional director failed to include Eskimo Radiator's affidavits in the record, the error was harmless. Eskimo Radiator filed its affidavits with the board. *N.L.R.B. v. Belcor, Inc.,* 652 F.2d 856, 859 (9th Cir. 1981).

■ Eskimo Radiator did not waive the right to raise the issue of an incomplete record here. Title 29 C.F.R. § 102.69(g) did not necessarily put Eskimo Radiator on notice that affidavits obtained during the administrative investigation would not be transmitted to the board. *N.L.R.B. v. Belcor,* 652 F.2d at 859–60, n.3, and *N.L.R.B. v. Consolidated Liberty, Inc.,* 672 F.2d 788, 789–790. *See also N.L.R.B. v. Advanced Systems,* 681 F.2d 570, (9th Cir. 1982).

■ This court has stated that the regional director "must forward to the Board all evidence upon which he or she relies, whether or not a hearing is held." *N.L.R.B. v. Consolidated Liberty, Inc.,* 676 F.2d at 790. It is an error for the board to adopt the regional director's report without reviewing all the relevant documentary evidence. *Id.; N.L.R.B. v. Belcor,* 652 F.2d at 859.

■ Despite this error, we do not automatically remand every case for a hearing. Eskimo Radiator must show that it was prejudiced by the failure of the regional director to include the affidavits. The company must have been entitled to a hearing on its electoral objections:

"Where the Board certifies the union without the benefit of either a hearing or the full record, we will construe the 'well pleaded factual assertions ... most favorably to [the excepting party].' *Prestolite Wire Division v. N.L.R.B.,* 592 F.2d 302, 307 (6th Cir. 1979). *See also Reichart Furniture Co. v. N.L.R.B.,* 649 F.2d 397 (6th Cir. 1981). If these factual assertions create a material issue of fact, we will remand to the Board to order a hearing. If not, we will affirm the Board's decision...." *N.L.R.B. v. Belcor, Inc.,* 652 F.2d at 859.

Contrary to Eskimo Radiator's arguments, *N.L.R.B. v. Consolidated Liberty,*

---

**3.** 29 C.F.R. 102.68 states:

"The record in the proceeding shall consist of: the petition, notice of hearing with affidavit of service thereof, motions, rulings, orders, the stenographic report of the hearing and of any oral argument before the regional director, stipulations, exhibits, documentary evidence, affidavits of service, depositions, and any briefs or other legal memoranda submitted by the parties to the regional director or to the Board, and the decision of the regional director, if any. Immediately upon issuance by the regional director of an order transferring the case to the Board, or upon issuance of an order granting a request for review by the Board, the regional director shall transmit the record to the Board."

**4.** 29 C.F.R. 102.69(g) states:

"(g) The notice of hearing, motions, rulings, orders, stenographic report of the hearing, stipulations, exceptions, documentary evidence, together with the objections to the conduct of the election or conduct affecting the results of the election, any report on such objections, any report on challenged ballots, exceptions to any such report, any briefs or other legal memoranda submitted by the parties, the decision of the regional director, if any, and the record previously made as described in § 102.68, shall constitute the record in the case. Materials other than those set out above shall not be a part of the record; except that in a proceeding in which no hearing is held, a party filing exceptions to a regional director's report on objections or challenges, a request for review of a regional director's decision on objections or challenges, or any opposition thereto, may append to its submission to the Board copies of documents it has timely submitted to the regional director and which were not included in the report or decision. Immediately upon issuance of a report on objections or challenges, or both, upon issuance by the regional director of an order transferring the case to the Board, or upon issuance of an order granting a request for review by the Board, the regional director shall transmit the record to the Board."

In September, 1981, the Board revised § 102.69(g) to provide that the record before the board include affidavits submitted by the excepting party. The revisions do not apply to this case.

672 F.2d 788, and *N.L.R.B. v. Advanced Systems,* 681 F.2d 570 (1982, 9th Cir.), do not require the court to remand this case back to the board for an evidentiary hearing. In *Consolidated Liberty,* the regional director did not forward the contested ballots to the board. The ballots were the central issue in the case. 672 F.2d at 790. In *Advanced Systems,* the company presented "substantial and material allegations of threats and vandalism" that would require overturning the election. In viewing the allegations most favorably to Eskimo Radiator, it is apparent that these objections are not substantial and material and would not require a new election.

Eskimo Radiator presented two general objections: (1) that undesignated pro-union employees threatened employees with physical harm and created an atmosphere of confusion and intimidation and (2) that the board agent conducting the election encouraged employees to vote for the union. Assuming that these incidents happened as Eskimo Radiator claims, they are not sufficient to overturn the election.

■ Eskimo Radiator did not show that any of the employees involved in the alleged threats were agents of the union or acting on the union's behalf. Very few specific incidents were listed. The bald assertion that an employee was a union agent does not make him one.

■ Incidents which are not properly attributable to the union are "entitled to less weight" in determining whether a free election was possible. *N.L.R.B. v. Spring Road Corp.,* 577 F.2d 586, 588 (9th Cir. 1978); *N.L.R.B. v. Aaron Bros. Corp.,* 563 F.2d 409, 412 (9th Cir. 1977). Courts are hesitant to overturn elections when statements cannot be attributed to the union because "there generally is less likelihood that they affected the outcome." *N.L.R.B. v. Mike Yurosek & Sons, Inc.,* 597 F.2d 661, 663 (9th Cir.), *cert. denied,* 444 U.S. 839, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979); *N.L.R.B. v. Aaron Bros. Corp.,* 563 F.2d at 412.

■ To overturn an election, "employee conduct must be coercive and disruptive conduct or other action [which] is *so aggravated that a free expression of choice of representative is impossible.*" [Citation omitted.] [Emphasis in the original.] *N.L.R.B. v. Aaron Bros. Corp.,* 563 F.2d at 412.

■ The alleged threats did not create an atmosphere of intimidation and did not make free choice of representation impossible. Deportation rumors which are not attributable to the union do not automatically result in overturning the election. *See N.L.R.B. v. Mike Yurosek & Sons, Inc.,* 597 F.2d at 663; *N.L.R.B. v. Health Tec Division,* 566 F.2d 1367, 1372 (9th Cir.), *cert. denied,* 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1978). Eskimo Radiator does not offer evidence that indicates that any employee was deterred from voting or voted against his or her personal choice.

■ Eskimo Radiator also alleges that a board agent encouraged employees to vote for the union. This allegation was not supported in the record. The board agent explained the ballot to a Spanish-speaking employee. The employee misunderstood the directions he gave and believed the agent was telling him to vote for the union. This does not mean that the agent was guilty of misconduct.

Generally, the board will overturn an election if the conduct of the board agent tends to destroy confidence in the board's election process, or which could reasonably be interpreted as impuning the [Board's] election standards. *N.L.R.B. v. Fenway Cambridge Motor Hotel,* 601 F.2d 33, 37 (1st Cir. 1979). The board agent's statements were misunderstood. No other employees heard what the agent said. Furthermore, Eskimo Radiator does not offer evidence which shows that voters were swayed by the agent's statement. *Id.*

■ There is also no merit in Eskimo Radiator's contention that the closeness of the vote required the board to scrutinize the allegations of misconduct more closely. The closeness of the vote is simply one factor the board and courts consider in scrutinizing pre-election conduct. It is not the controlling factor. *See N.L.R.B. v. South-*

*ern Metal Service, Inc.,* 606 F.2d 512, 515 (5th Cir. 1979). The board was obviously aware of the close vote but determined that the alleged misconduct did not interfere with the free election.

Eskimo Radiator claims that the board is required to hold a hearing on the issue of board agent misconduct because the Administrative Procedure Act, 5 U.S.C. § 554(d), forbids an employee who performs investigatory or prosecutorial functions from participating in or giving advice in an agency decision except as a witness or counsel in public proceedings. This claim is frivolous. Representation proceedings are clearly exempt from the public proceeding requirement of the Administrative Procedure Act. *In re Bel Air Chateau Hospital, Inc.,* 611 F.2d 1248, 1253 (9th Cir. 1980); *N.L.R.B. v. Aaron Bros. Corp.,* 563 F.2d at 413.

Although the regional director did not send a complete record to the board, we uphold the board determination that Eskimo Radiator was not entitled to a hearing on its election objectives. The board's order is entitled to be enforced.