**SCINTILLA POWER CORPORATION,**
Petitioner and Cross-Respondent,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent and
Cross-Petitioner.**

Nos. 81–7441, 81–7538.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided June 1, 1983.

William D. Claster, Gibson, Dunn &
Crutcher, Newport Beach, Cal., for petition-
er and cross-respondent.

Allison W. Brown, Jr., C. Metcalf, Wash-
ington, D.C., for respondent and cross-peti-
tioner.

**420**

Before KENNEDY, POOLE, and REIN-HARDT, Circuit Judges.

KENNEDY, Circuit Judge:

After a union obtained a majority of the validly cast ballots of employees in a representation election, the employer refused to bargain with the union. The Board issued a bargaining order, and the employer petitions us for review. The employer argues that the Board improperly certified the union as the employer's bargaining representative in view of an alleged atmosphere of coercion and intimidation which flawed the election as an index of employee preference. The employer argues that it was at least entitled to a hearing on its allegation that a fight between two employees, witnessed by some 30 of the 74 eligible voters, created such a coercive atmosphere that the election, which the union won by a 41 to 23 margin, should be set aside. For reasons expressed herein, we deny the petition and enforce the Board's bargaining order.

In the incident in question, a pro-company employee and a union adherent, one Gary, engaged in the loud argument six days before the election. Presumably because Gary was ignorant of the word's meaning, he became enraged by the employee's characterization of him as a "gain-sayer." Gary chose to make of this a fighting word and aimed a fist at the pro-company-nyman's face, shattering his glasses.

The Regional Director, after an ex parte investigation pursuant to 29 C.F.R. § 102.-69(c), concluded that the employer's objection to the election failed "to raise substantial and material issues such as would warrant setting aside an election," and therefore, under 29 C.F.R. § 102.69(d), no adversary hearing on the objection was required. The Regional Director found that the union adherent was neither an agent of the union nor an employee. He noted that "the investigation disclosed that Gary was presumably at the plant to meet an employee of the

Employer." Consistent with *NLRB v. Sauk Valley Mfg. Co., Inc.,* 486 F.2d 1127, 1131 & n. 5 (9th Cir.1973), and *NLRB v. Mike Yuro-sek & Sons, Inc.,* 597 F.2d 661, 663 (9th Cir.), *cert. denied,* 444 U.S. 839, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979), he proceeded to give Gary's misconduct less weight than he would have if it were attributable to the union.

The employer before us has not argued that the actions of the union adherent were attributable to the union, or that the Regional Director improperly rejected this conclusion on the basis of his ex parte investigation. *Compare ATR Wire and Cable Co. v. NLRB,* 671 F.2d 188, 190 (6th Cir. 1982).

It is true that one member of the Board would have remanded this case for an evidentiary hearing, in part "to determine the status of 'Gary'." But what the Board can consider on its own initiative is not coextensive with what we can consider. We ordinarily do not entertain arguments raised neither below nor in this court. For the purposes of this appeal, therefore, we treat the union adherent as a third-party volunteer, free from union control, acting impulsively on his own.

The employer's major objection is to the Regional Director's finding that the conduct of the union adherent did not necessarily require an inference that fear and coercion tainted the election. This finding, affirmed in this case by a divided Board, is subject to a circumscribed standard of review.

It is settled both by Board decision and our precedent that conduct of third parties will suffice to set aside an election if there has been coercive misconduct that interferes with employees in their free choice of a representative. *The May Department Stores Co. v. NLRB,* 707 F. 2d 430 (9th Cir.1983); *Sauk Valley,* 486 F.2d at 1132 n. 5; *NLRB v. Miramar of California, Inc.,* 601 F.2d 422, 424–25 (9th Cir.1979). Here the Board has resolved no factual issues against the employer but has found that, taken in the light most favorable to the employer,

the incident alleged did not create a significant impairment of the election process. The Board's determination is within its area of expertise and is entitled to great deference. It should not be overturned unless the Board has abused its discretion. *The May Department Stores Co.,* at 430; *NLRB v. Advanced Systems, Inc.,* 681 F.2d 570, 572 (9th Cir.1982).

The employer argues the Board erred in declining an evidentiary hearing. It is true that when misconduct is so serious that a trier of fact can infer that it would result in a coercive atmosphere, we will reverse the Board and order an evidentiary hearing. *E.g., The May Department Stores Co.,* at 430; *NLRB v. Advanced Systems, Inc.,* 681 F.2d 570, 572 (9th Cir.1982). The Board's conclusion, however, that an incident, even if proven, did not taint an election otherwise properly conducted, *Valley Rock Products, Inc. v. NLRB,* 590 F.2d 300, 302 (9th Cir.1979), is entitled to deference and is not lightly to be reversed.

The Board argues that the employer waived its argument that it should have had a hearing on its allegations by not seeking a hearing before the Board, under the principle of *NLRB v. Southeast Ass'n for Retarded Citizens, Inc.,* 666 F.2d 428, 432 (9th Cir.1982). *See also NLRB v. Visual Educom, Inc.,* 486 F.2d 639, 643 (7th Cir.1973) (dictum); *NLRB v. MarSalle, Inc.,* 425 F.2d 566, 571 n. 8 (D.C.Cir.1970) (dictum). This argument misconceives the nature of an employer's objections. The employer attempts to present evidence which, together with fair inferences from the evidence, would be sufficient to invalidate the election. If the evidence meets this prima facie requirement, the Regional Director must conduct an adversary evidentiary hearing. *See NLRB v. Belcor, Inc.,* 652 F.2d 856, 859 (9th Cir.1981). It is not the responsibility of the objecting party to ask for a hearing; his goal is invalidation of the election, and if he has presented a prima facie case it is the Board's responsibility under 29 C.F.R. § 102.69(d) to order a hearing. The Regional Director in this case implicitly recognized this by concluding

there were no "substantial and material issues such as would warrant setting aside an election." The "would" must mean, in this context, "would, if proven as alleged." We therefore must reach the merits and determine whether the Regional Director's conclusion, adopted by a majority of the Board, was an abuse of discretion.

The employer argues that one could fairly infer from the glasses-shattering incident that free discourse was chilled in the crucial six days before the election, and that other employees would be coerced in their vote by an implicit threat of reprisal for opposing the union. Support for this second argument comes from *Valley Rock Products.* In that case, six days before the election, the union business agent and chief organizer assaulted on one night the president and vice-president of the employer company. We held that "[i]t cannot be inferred, as a matter of law, that Townley's acts had no effect on the minds of the voting employees"; it might be that "the employees who witnessed the event might logically infer that a similar event might befall them because of adherence to the [employer]." 590 F.2d at 303.

*Valley Rock Products* does not control the present case. The misconduct in *Valley Rock Products* was by a union agent; the same conduct by third parties might not have been sufficient. *Sauk Valley,* 486 F.2d at 1131 & n. 5. As we expressed in *Sauk Valley,* unions cannot control the actions of third parties, and employees will attribute less significance to impulsive third party conduct. This latter factor is especially important because the union adherent responsible for the misconduct was only present at the plant by happenstance, and the other employees, assuming they were afraid of him, would have little reason to expect future contact.

Even more important, in *Valley Rock Products* the misconduct consisted of two unprovoked attacks on company officials. In this case, the one punch came after a heated argument in which, according to the employee's affidavit, both men shouted their viewpoints. Since, according to the

affidavit, the employees who were present watched the whole incident as it unfolded, they would be more likely to assume the assault related to the violent argument than to the employee's mere opposition to the union. *See Otis Elevator Co.,* 114 N.L. R.B. 1490 (1955).

In these circumstances, we cannot hold the Board abused its discretion in finding only an insubstantial possibility that the incident tainted the election. A hearing is not required when there is no prima facie misconduct so closely related to the representation election as to tend to coerce employees or to create an atmosphere that stills debate. *NLRB v. Miramar of California, Inc.,* 601 F.2d 422, 423–25 (9th Cir.1979); *NLRB v. Spring Road Corp.,* 577 F.2d 586, 588 (9th Cir.1978). We therefore hold that the Board did not err, on the facts before us, in overruling the company's objections without an evidentiary hearing.

PETITION DENIED; ENFORCEMENT GRANTED.