47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SERROT CORPORATION, Respondent.
 No. 93-70613.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Feb. 7, 1995.*
Decided: Feb. 9, 1995.
 
 1
 Application for Enforcement of an Order of the National Labor Relations Board, NLRB Nos. 21-CA-27946;
 
 
 2
 NLRB,
 
 
 3
 APPLICATION GRANTED.
 
 
 4
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Serrot opposes the NLRB's application for enforcement of its bargaining order on only one ground: the NLRB should have set aside the union certification election because of three unsavory incidents -- two threats by one pro-union employee (Salvador) against a pro-employer employee (Vargas), and a subsequent fight between them.
 
 
 7
 Serrot objected to the election and sought to have it set aside, and the NLRB referred the matter to a hearing officer, who heard extensive testimony and reached the following factual conclusions: Salvador twice threatened Vargas because of Vargas' pro-employer stance; Salvador struck Vargas because Vargas made disparaging remarks about Salvador's girlfriend, and because they were both drunk, not because of Vargas' antiunion sentiments; Salvador's threats were not directed at the entire bargaining unit and witnesses did not take them very seriously; and the fight was not widely portrayed to the bargaining unit as being related to Vargas' antiunion sentiments. Substantial evidence supports these findings. See N.L.R.B. v. O'Neill, 965 F.2d 1522, 1526 (9th Cir. 1992).
 
 
 8
 The NLRB adopted the hearing officer's determination and held that these incidents do not require that the election be set aside because they did not create a general atmosphere of fear and coercion so as to render the free choice of a bargaining representative impossible. See N.L.R.B. v. Eskimo Radiator Mfg. Co., 688 F.2d 1315, 1319 (9th Cir. 1982); N.L.R.B. v. Sonoma Vineyards, Inc., 727 F.2d 860, 865 (9th Cir. 1984). We find no error in this conclusion or in the legal standard applied.
 
 
 9
 Accordingly, the NLRB's application for enforcement is
 
 
 10
 GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3